Theresa D. CROOKS, Appellant

v.

John M. MOSES, M1 Real Estate Partners, Ltd., Moses Management, Inc. and James Moses, Appellees.

No. 05–03–00726–CV.

Court of Appeals of Texas, Dallas.

July 8, 2004.

630

Dale B. Tillery, Tillery & Tillery, Dallas, for Appellant.

Gregory R. Ave, Touchstone Bernays Johnston Beall Smith, Jeffrey Cook, Sullivan Parker & Cook, Dallas, for Appellees.

Before Justices MORRIS, WRIGHT and RICHTER.

## OPINION

Opinion by Justice RICHTER.

This Court issued its opinion and judgment in this case on June 30, 2004. On the Court's own motion, we withdraw our prior opinion and substitute this opinion as the opinion of the Court.

This is a negligence case where defendants filed traditional and no-evidence motions for summary judgment. Summary judgment was granted for appellees, and appellant brings fourteen issues on appeal. We summarize appellant's issues, which assert the trial court erred in (1) failing to grant a continuance and in effectively denying leave to file a late response to defendants' summary judgment motions; (2) dismissing all of appellant's claims when defendants' motions did not address all claims asserted by appellant; (3) overruling appellant's objections to defendants' motions; (4) granting defendants' motions because there are genuine issues of material fact; (5) granting defendants greater relief than they asked for; (6) granting defendants' no-evidence motions when appellant produced more than a scintilla of evidence to support all elements of her asserted causes of action; (7) by allowing John Moses to rely on James Moses's interrogatory answers in violation of Rule 197.3 of the rules of civil procedure; (8) allowing John Moses to rely on self-serving testimony that could not be readily controverted; and (9) abusing its discretion when it denied appellant's motion to compel production of defendant M1 Real Estate Partners, LTD partnership agreement.

## Factual Background

The facts underlying this case are not in dispute. James Moses organized an informal gathering to take place on his father's land in December 2001. He planned to have a bonfire at the party. In making arrangements for the event, he and one of his friends made preparations for the fire. The friend was a professional firefighter with the City of Richardson fire department. The two selected a site sufficient distance from any other structures, mowed the grass, and graded the surface. To further contain and confine the fire, the two placed a square metal object that had been lying near a barn on the site to contain the fire. Both James and the firefighter examined the object and concluded that it appeared safe for this purpose.

Later that evening, the fire was lit. After appellant arrived at the party, she ultimately sat in a chair near the fire. Unfortunately, soon after appellant sat down, an explosion erupted from the fire and appellant was injured when she was struck in the leg by flying debris that came from the metal barrier that surrounded the bonfire. According to the record, the barrier contained a piston concealed within an otherwise apparently hollow tube. The heat of the bonfire caused an explosion of the piston housing, and appellant was hit by flying fragments.

## I. Denial of Motion for Continuance and Motion for Leave to File a Late Response

### a) Applicable Law

A trial court's denial of a motion for continuance is subject to an abuse of discretion standard of review. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex.2002); *Dallas Ind. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 235 (Tex.App.-Dallas 2000, pet. denied). Before the reviewing court will reverse the trial court's ruling, it should clearly appear from the record that the trial court has disregarded

the party's rights. *Finlan,* 27 S.W.3d at 235. An appellate court may reverse for an abuse of discretion only when, after examining the entire record, it determines that the trial court's ruling was clearly arbitrary and unreasonable. *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex.1987); *Medford v. Medford,* 68 S.W.3d 242, 247–48 (Tex.App.-Fort Worth 2002, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

 Specifically, in the context of a motion for continuance and motion for leave to file a late response, brought under Rules 166a(c) and 251 in summary judgment proceedings, the trial judge's rulings on both motions are likewise reviewed for an abuse of discretion. Tex.R. Civ. P. 166a(c), 251; *Carpenter v. Cimarron Hydrocarbons Corp.,* 98 S.W.3d 682, 685–86 (Tex.2002). A motion for leave to file a late summary judgment response should be granted when the nonmovant establishes good cause by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) that allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. *Cimarron,* 98 S.W.3d at 688.

### b) Application of Law to Facts

 In this case, appellant complains that the existing time deadlines contained in the rules concerning summary judgment are inadequate in the context of a no-evidence summary judgment motion. Appellant advances several reasons to support his claim that he was deprived of sufficient time to adequately respond to the issues in the summary judgment motions. First, appellant claims this case is complex with many defendants. Second, his attorney's workload was heavy. Third, the timing of appellees' motions for summary judgment deprived him of sufficient time to adequately respond to the issues in the summary judgment motions because the relatively new no-evidence summary judgment procedure shifts the burden to the nonmovant to produce some evidence. On this basis, appellant claims this is a case of first impression as to what standards a court should utilize in deciding whether to grant a motion for continuance or motion for leave to file a late response. We disagree.

 Although appellant may have been placed under pressure to complete his responses in a timely fashion, it is not for this Court to change or alter the rules of civil procedure. It is well established that the Texas Rules of Civil Procedure have the dignity of statutory provisions and must be observed as such. *Centennial Ins. v. Commercial Union Ins.,* 803 S.W.2d 479, 482 (Tex.App.-Houston [14th Dist.] 1991, no writ). The rulemaking authority for the Texas Rules of Civil Procedure is vested exclusively in the Supreme Court of Texas, and no other court in Texas is authorized or empowered to enact or amend rules of civil procedure that would be inconsistent with the rules promulgated by the Supreme Court. *Id.; Beach v. Runnels,* 379 S.W.2d 684, 686 (Tex.Civ.App.-Dallas 1964, writ ref'd); *Sherrill v. Estate of Plumley,* 514 S.W.2d 286, 297 (Tex.Civ.App.-Houston [1st Dist.] 1974, writ ref'd n.r.e.) (Texas Rules of Civil Procedure have the weight and effect of a Supreme Court decision and are binding upon the Court of Appeals).

We note that appellant had 32 days notice of the summary judgment hearing and 25 days to prepare and file a response to the motion for summary judgment filed by

appellee James Moses. Appellant had 21 days notice of the hearing and 14 days to file a response to the remaining defendants' motion for summary judgment. Appellant, in fact, filed a timely response to both motions. Because the rules of civil procedure provide for 21 days notice of hearing and for 7 days to file a response,[1] we conclude that the trial court made its discretionary decision of denying appellant's motions for continuance by reference to guiding rules and principles, and, accordingly, we overrule appellant's first and second issues.

## II. Traditional and No–Evidence Summary Judgment

### a) Applicable Law—Traditional Summary Judgment

The standard of review in summary judgment cases is well-established. *See* Tex.R. Civ. P. 166a(c); *Black v. Victoria Lloyds Insurance Co.*, 797 S.W.2d 20, 23 (Tex.1990). In reviewing a summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Every reasonable inference in favor of the nonmovant is allowed, and all doubts are resolved in his favor. *Nixon*, 690 S.W.2d at 548–49. To prevail on summary judgment, a defendant as movant must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Hoover v. Gregory*, 835 S.W.2d 668, 671 (Tex.App.-Dallas 1992, writ denied). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston*, 589 S.W.2d at 678. A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982).

### b) Applicable Law—No Evidence Summary Judgment

Appellees argue there was no evidence of one or more essential elements of appellant's claims under rule 166a(i) of the Texas Rules of Civil Procedure. *See Espalin v. Children's Medical Center of Dallas*, 27 S.W.3d 675, 682–83 (Tex.App.-Dallas 2000, no pet.) (no-evidence summary judgment motion may be urged on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial). A no-evidence motion for summary judgment places the burden on the nonmovant to present summary judgment evidence raising a genuine issue of material fact. *See* Tex.R. Civ. P. 166a(i); *See also Espalin*, 27 S.W.3d at 683.

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *General Mills Restaurants, Inc. v. Texas Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex. App.-Dallas 2000, no pet.). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *General Mills*, 12 S.W.3d at 833. A no-evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue

1. Tex.R. Civ. P. 166a(c).

of material fact. *Id.* More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997) (citations omitted). When analyzing both traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant. *See Nixon,* 690 S.W.2d at 549 (traditional summary judgment); *General Mills,* 12 S.W.3d at 833 (no-evidence summary judgment).

**b) Application of Law to Facts**

In issues three to six, appellant urges the trial court erred by dismissing her claims because (1) appellees' motions for summary judgment did not address all of appellant's claims, and (2) the trial court overruled appellant's objections to the motions for summary judgment. The objections were lodged on the grounds that the motion did not challenge, and failed to state the elements of, appellant's claims based upon agency and vicarious liability. The claims appellant alleges were not addressed include negligent undertaking, agency and vicarious liability. In addition, as to appellee John Moses only, appellant claims Moses did not address her assertion of the doctrine of res ipsa loquitur.

**Negligent Undertaking**

■■■■ A duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously or for compensation. *Torrington Co. v. Stutzman,* 46 S.W.3d 829, 837 (Tex. 2000); *Fort Bend County Drainage Dist. v. Sbrusch,* 818 S.W.2d 392, 396 (Tex.1991); *Colonial Sav. Ass'n v. Taylor,* 544 S.W.2d 116, 120 (Tex.1976). In *Colonial Sav.*

*Ass'n,* 544 S.W.2d at 119–120, the Texas Supreme Court relied upon section 323 of the *Restatement,* which provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm is suffered because of the other's reliance upon the undertaking.

*Colonial Sav. Ass'n,* 544 S.W.2d at 119–120 (quoting RESTATEMENT (SECOND) OF TORTS § 323 (1965)). In other words, if one undertakes to make the premises safe for others, he or she owes a duty to use due care [2] in making the premises safe. *Wilson v. Texas Parks and Wildlife Dept.,* 8 S.W.3d 634, 635 (Tex.1999).

■■■■ Agency, vicarious liability and res ipsa loquitur are not, in and of themselves, independent causes of action. *See Bond v. Otis Elevator Co.,* 388 S.W.2d 681, 686 (Tex.1965)(res ipsa loquitur is a rule of evidence); *Turner v. Upton County, Texas,* 915 F.2d 133, 138 n. 7 (5th Cir.1990)(respondeat superior is not, in and of itself, a cause of action). Agency is the consensual relationship between two parties when one, the agent, acts on behalf of the other, the principal, and is subject to the principal's control. *E.g., Happy Indus. v. Am. Specialties,* 983 S.W.2d 844, 852 (Tex.App.- Corpus Christi 1998, pet. dism'd w.o.j.). Vicarious liability is liability placed upon one party for the conduct of another, based solely upon the relationship between

**2.** "Due care" is that degree of care which a person of ordinary prudence would exercise under the same or similar circumstances. *Meyers v. Moody,* 693 F.2d 1196, 1209 (5th Cir.1982); *Henwood v. Gilliam,* 207 S.W.2d 904, 909 (Tex.Civ.App.-Dallas 1947, writ ref'd).

the two. *E.g., Vecellio Ins. v. Vanguard Underwriters,* 127 S.W.3d 134, 138 (Tex. App.-Houston [1st Dist.] 2003, no pet.). For these doctrines to be applicable in this context, the alleged tortfeasor must, in fact, be liable for damages. In other words, if the alleged tortfeasor is not liable as a matter of law, then determination of agency and vicarious liability issues are never reached. However, if liability may exist, then summary judgment on agency and vicarious liability is not proper if not raised in the summary judgment motion. *See Benitz v. Gould Group,* 27 S.W.3d 109, 116 (Tex.App.-San Antonio 2000, no pet.); *Clement v. City of Plano,* 26 S.W.3d 544, 550 (Tex.App.-Dallas 2000, no pet.), *overruled on other grounds by Telthorster v. Tennell,* 92 S.W.3d 457, 464 (Tex.2002).

■ Res ipsa loquitur is a rule of evidence whereby the negligence of the alleged wrongdoer may be inferred from the mere fact that the accident happened, provided (1) the character of the accident and the circumstances attending it lead reasonably to the belief that, in the absence of negligence, it would not have occurred, and (2) the thing which caused the injury is shown to have been under the management and control of the wrongdoer. *Bond,* 388 S.W.2d at 686. In Texas it is well-settled that res ipsa loquitur is simply a rule of evidence whereby negligence may be inferred based upon proof of the factors stated above. *Mobil Chem. Co. v. Bell,* 517 S.W.2d 245, 251 (Tex.1974).

■ In this case, appellant presented evidence that appellees took steps to make the fire safe. They prepared a site, graded it, and placed a metal barrier around the fire to contain it. These steps were undertaken gratuitously. These facts, viewed in a light most favorable to appellant, state a claim for negligent undertaking. However, the appellees did not address the negligent undertaking claim in

their motions for summary judgment. A summary judgment may only be granted upon grounds asserted in the summary judgment motion. TEX.R. CIV. P. 166a(c); *Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993). Additionally, because the negligent undertaking theory was not addressed in the motion, the derivative liability theories, agency and vicarious liability, should not have been disposed of by summary judgment. *See Benitz,* 27 S.W.3d at 116. For these reasons, we sustain appellant's third through sixth issues.

In issues seven through ten, appellant claims the trial court erred in granting summary judgment because there were genuine issues of material fact and appellees were granted greater relief than they requested. Appellant also asserts that appellee John Moses's summary judgment motion was vague and confusing, and failed to comply with Rule 166a(i). As part of these issues, appellant also asserts she produced more than a scintilla of evidence to support her claims concerning negligent undertaking, agency, vicarious liability and res ipsa loquitur.

Having sustained appellant's third through sixth issues, we are left with analyzing whether there was a scintilla of evidence to support a premises liability theory or a negligent activity liability theory. We must also determine whether John Moses' motion was vague and not in compliance with Rule 166a(i), and whether the relief granted exceeded the relief sought in the motions.

**Negligent Activity**

■ Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the negligent activity itself rather than a condition created by the negligent activity. *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264

(Tex.1992); *Sibai v. Wal–Mart Stores, Inc.*, 986 S.W.2d 702, 706 (Tex.App.-Dallas 1999, no pet.). In *Keetch*, the plaintiff was injured 30 minutes after a chemical substance was deposited on a floor in the floral section of the store. *Id.* In rejecting the contention that Kroger, through the actions of its employees, was conducting a negligent activity, the Court noted that plaintiff was injured by a condition created by an earlier activity. *Id.* At some point, almost every artificial condition can be said to have been created by an activity. *Id.* The Court concluded the case was properly a premises liability case, as opposed to one of negligent activity. *Id.*

■■■■ For the negligent activity theory of liability to be applicable, the evidence must show that the injuries were directly related to the activity itself. *See Stanley Stores, Inc. v. Veazey*, 838 S.W.2d 884, 886 (Tex.App.-Beaumont 1992, writ denied). If the injury was caused by a condition created by the activity rather then the activity itself, a plaintiff is limited to a premises liability theory of recovery. *Lucas v. Titus County Hosp. Dist./Titus County Mem. Hosp.*, 964 S.W.2d 144, 153 (Tex.App.-Texarkana 1998, pet. denied).

The facts in *Pifer v. Muse*, 984 S.W.2d 739 (Tex.App.-Texarkana 1998, no pet.) are analogous to this case. In *Pifer*, a homeowner left a burning candle inside her home when she went to the store. The home caught fire and a neighbor, seeing flames, went to investigate. He looked in a window and thought he saw a person lying on a bed who needed assistance. At that point, a gun inside the home discharged from the heat of the fire. The would-be rescuer was hit in the arm by the bullet and injured.

The court in *Pifer* concluded that the rescuer was an implied licensee, but could not recover on a premises liability theory because he could not show that the home-

owner's conduct was willful, wanton, or grossly negligent. *Pifer*, 984 S.W.2d at 742. In addition, the court concluded that leaving the lighted candle in the home was not an ongoing activity of the homeowner. *Id.* Leaving the lit candle in the home "simply created a condition that ultimately allowed [the plaintiff's] injury to occur." Further, the mere presence of a lighted candle and the loaded pistol was not a dangerous condition of the property within the meaning of premises liability law. *Id.*

■■■ In this case, both parties agree the explosion occurred approximately one hour after the bonfire was lit. At the time of the explosion, neither the firefighter nor any appellee was monitoring the fire or actively doing anything in regard to it. We conclude the facts of this case cannot support a negligent activity cause of action because of the lack of contemporaneous activity.

**Premises Liability**

■■■ The elements of a premises liability case are:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner/operator did not exercise reasonable care to eliminate or reduce the risk; and

(4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch*, 845 S.W.2d at 264 (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex.1983)).

■■■ The parties agree appellant was a licensee on the property at the time she was injured. Under a premises liability theory of recovery, a licensee may re-

cover only if the licensee was injured by the willful, wanton, or grossly negligent conduct of the owner or occupier. *Sibai*, 986 S.W.2d at 706. Gross negligence includes two elements: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *Louisiana–Pacific Corp. v. Andrade*, 19 S.W.3d 245, 246–47 (Tex.1999); *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex.1998); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex.1994); *First Assembly of God v. Texas Utils. Elec. Co.*, 52 S.W.3d 482, 492 (Tex.App.-Dallas 2001, no pet.). Evidence of simple negligence is not enough to prove either the objective or subjective elements of gross negligence. *Ellender*, 968 S.W.2d at 921; *Universal Servs. Co. v. Ung*, 904 S.W.2d 638, 641 (Tex.1995); *Moriel*, 879 S.W.2d at 22–23. Under the first element, "extreme risk" is not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff. *Ellender*, 968 S.W.2d at 921; *Ung*, 904 S.W.2d at 641; *Moriel*, 879 S.W.2d at 22. Under the second element, actual awareness means the defendant knew about the peril, but its acts or omissions demonstrated it did not care. *See Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex.1993). Circumstantial evidence is sufficient to prove either element of gross negligence. *See Moriel*, 879 S.W.2d at 22–23; *Wal–Mart Stores*, 868 S.W.2d at 327.

■ In this case, it is undisputed that James Moses enlisted the help of a professional firefighter to make the bonfire and the area around it safe. It is also undis-

puted that appellees did not intend to injure appellant, and that appellees were subjectively unaware of the danger posed by using the metal object as a fire containment barrier. Appellant admits in her brief that appellees thought that the fire was safe. Accordingly, appellees' conduct cannot be deemed willful, wanton or grossly negligent under the undisputed facts presented in this case.

## Vagueness and Scope of Relief Sought in Summary Judgment Motions

■ Appellant claims John Moses's motion for summary judgment was vague and not in compliance with Rule 166a(i) of the Rules of Civil Procedure. TEX.R. CIV. P. 166a(i). Appellant directs this challenge to both the negligent activity theory and the premises liability theory. Concerning the negligent activity claim, it is undisputed that John Moses was not present at the time of the explosion. Therefore, appellant's injuries could not have been the contemporaneous result of any negligent activity on his part. Regarding the premises liability claim, John Moses asserted in his no-evidence motion for summary judgment that there was no evidence he had actual knowledge of a condition on the premises which caused plaintiff's injury because he was not present at the time of the fire. There is nothing improper or vague in this assertion. Actual knowledge of the condition is required for liability to attach. *E.g. Louisiana–Pacific Corp.*, 19 S.W.3d at 246–47. In a no-evidence challenge, the burden shifted to appellant to show John Moses did have actual knowledge. *See Espalin*, 27 S.W.3d at 683.

■ Appellant also claims the trial court granted greater relief than that requested by appellees. A summary judgment cannot be affirmed on grounds not expressly set out in the motion for sum-

mary judgment. *Ken Petroleum v. Questor Drilling,* 24 S.W.3d 344, 357 (Tex. 2000); *Stiles,* 867 S.W.2d at 26. If a summary judgment grants more relief than requested, it should be reversed and remanded. *Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993), *overruled on other grounds by Lehmann v. Har–Con Corp.,* 39 S.W.3d 191 (Tex.2001). An order granting a motion for summary judgment that addressed all of a plaintiff's claims when it was filed but did not address claims timely added by amendment after the motion was filed may state unequivocally that final judgment is rendered that the plaintiff take nothing by her suit, but granting more relief than the movant is entitled to makes the order reversible. *Lehmann,* 39 S.W.3d at 204. We conclude that appellees received exactly what their summary judgment motion prayed for, i.e., dismissal of the negligent activity and premises liability claims. However, as the summary judgment motion did not pray for any relief in regard to the negligent undertaking cause of action, the trial court erroneously granted greater relief to appellees than they requested. Accordingly, we sustain appellant's issues seven through ten solely as they relate to negligent undertaking claims and, derivative from that cause of action, agency and vicarious liability claims.

### III. Evidentiary Issues

In issues eleven through fourteen, appellant asserts the trial court erred in rendering certain evidentiary rulings. Specifically, appellant claims the trial court erred by denying appellant's objections to: (1) John Moses's use of his co-defendant brother's responses to interrogatories as summary judgment evidence in contravention of Rule 197.3 of the rules of civil procedure, (2) John Moses's use of self-serving testimony in violation of Rule 166a(c), and (3) John Moses's attempt to use James Moses's testimony in support of his motion for summary judgment in violation of Rule 166a(c). Appellant also complains the trial court erred by denying its motion to compel production of the totality of the M1 Real Estate Partners, LTD partnership agreement.

#### a) Applicable Law

■ Rule 197.3 of the Rules of Civil Procedure provides that answers to interrogatories may be used only against the responding party. TEX.R. CIV. P. 197.3. Using a party's interrogatory answers in that party's favor by relying on them to defeat a summary judgment is likewise improper. *Yates v. Fisher,* 988 S.W.2d 730, 731 (Tex.1998)(construing former Rule 168(2)); *Garcia v. Nat'l Eligibility Express,* 4 S.W.3d 887, 890 (Tex.App.-Houston [1st. Dist.] 1999, no pet.)(interrogatory answers are incompetent traditional summary judgment evidence under Rule 197.3); *ANA, Inc. v. Lowry,* 31 S.W.3d 765, 770 n. 2 (Tex.App.-Houston [1st. Dist.] 2000, no pet.)(Under Rule 197.3, a party's own interrogatory responses may not be used in its favor in a no-evidence challenge, even when opposing counsel fails to object.).

■ A summary judgment may be based on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. TEX.R. CIV. P. 166a(c); *See Lection v. Dyll,* 65 S.W.3d 696 (Tex.App.-Dallas 2001, no pet.)(testimony by affidavit). "Could have been readily controverted" means the testimony at issue is of a nature which can be effectively countered by opposing evidence. *Trico Tech. Corp. v. Montiel,* 949 S.W.2d 308, 310 (Tex.1997); *Lection,* 65 S.W.3d at 701. Self-serving statements of interested witnesses concerning their state of mind are

uncontrovertible because the mental workings of an individual's mind are matters about which adversaries have no knowledge or ready means of confirming or controverting. *Lection,* 65 S.W.3d at 701.

■ A trial court's discovery rulings are governed by an abuse of discretion standard. *Masinga v. Whittington,* 792 S.W.2d 940, 941 (Tex.1990).

**b) Application of Law to Facts**

■ Appellant's complaint about John Moses's use of interrogatory answers as summary judgment proof has some merit. The court below, and this Court, cannot rely on those answers to sustain the summary judgment. *Yates,* 988 S.W.2d at 731; *ANA, Inc.,* 31 S.W.3d at 770 n. 2. However, John Moses summary judgment motion also relied on his and James Moses's deposition testimony. Because that testimony independently supported summary judgment in favor of John Moses (except for negligent undertaking, agency and vicarious liability), error, if any, was harmless. We note that the trial court did not issue findings of fact and conclusions of law. It is impossible to ascertain whether the trial court relied on the deposition testimony, the interrogatory answers, or both. When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed if any of the theories advanced are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). We overrule appellant's eleventh issue.

■ Likewise, we conclude the trial court could properly rely on James Moses's and John Moses's deposition testimony despite the fact it could be termed self-serving. Both parties' testimony was clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily contro-verted. *Trico,* 949 S.W.2d at 310. Specifically, there is no evidence in the record that appellant made an attempt through deposition testimony, interrogatories, or other discovery to controvert John Moses's claim that he was not present during the fire in question. *Id.* We overrule appellant's twelfth and thirteenth issues.

■ Finally, we reach appellant's claim the trial court erred when it did not sustain appellant's motion to compel disclosure of a list of physical properties that the partnership defendant owned that was attached to the partnership agreement. The disputed ten page list of properties was provided to the trial court for in camera inspection. After that inspection, the trial court ruled that the document was not discoverable. It then sealed the documents, and ordered the court reporter to hold the documents for record purposes. We have reviewed the sealed records. We conclude the trial court did not abuse its discretion when it ruled the documents were not subject to discovery. *See Masinga,* 792 S.W.2d at 941. We overrule appellant's fourteenth issue.

### Conclusion

We reverse and remand for consideration consistent with this opinion appellant's negligent undertaking claim, as well as the derivative liability issues of agency and vicarious liability related to that claim. We overrule all of appellant's other issues and affirm the judgment of the trial court in all other respects.