**AFFIRMED; Opinion Filed March 19, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00372-CV

### GARY DON THOMAS, Appellant
### V.
### ANNETTE LYNNE THOMAS, Appellee

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 13-01790**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Evans
Opinion by Justice Lang

This is a divorce action. The case involves only the division of the parties' community property and was tried to the court. Approximately six weeks before the trial setting, counsel for appellant Gary Don Thomas filed a motion to withdraw. The motion recited that appellant had failed to pay his attorney in accordance with their retainer agreement. Approximately one month before the trial setting, the trial court granted the motion to withdraw. In a single appellate issue, appellant contends the trial court erroneously denied his request for a continuance of the trial so that he could obtain new counsel. We affirm the trial court's judgment.

Appellant asserts he made an oral motion for continuance the morning of the trial setting. The motion was not made on the record, and appellant acknowledges he did not file a motion that conformed to the rules of civil procedure. Those rules provide a continuance may not be granted except for "sufficient cause" supported by affidavit, or the consent of the parties, or by

operation of law. TEX. R. CIV. P. 251. Generally, the absence of a party's counsel can only serve as good cause to postpone trial "upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record." TEX. R. CIV. P. 253. The decision whether to grant a motion for continuance rests within the discretion of the trial court. *Crooks v. Moses*, 138 S.W.3d 629, 634 (Tex. App.—Dallas 2004, no pet.).

The record does not contain a motion for continuance or an affidavit establishing sufficient cause for a continuance. Nor does the record reflect an agreement between the parties to continue the trial, any reason for a postponement by operation of law, or a recitation on the record of matters within the knowledge or information of the judge. Appellant failed to request that his oral motion, and any evidence of cause he may have offered, be reported and transcribed for our review. The only relevant remarks we find in the record were made as the trial judge called this case:

> Let the record reflect that this case is called for trial. The attorney for Annette Lynn Thomas is present. Annette Lynn Thomas is present, and Gary Don Thomas is present and representing himself.

> Let the record reflect that currently on file is a motion of his previous attorney to withdraw. I have examined that document and found it to be complete, and having no motion for continuance on file, the Court is going to proceed to hear this case.

Appellant contends his oral motion was sufficient, relying upon *Villegas v. Carter*, 711 S.W.2d 624 (Tex. 1986). In that case, the Texas Supreme Court concluded the trial court abused its discretion by denying an oral motion for continuance when Villegas's attorney was allowed to withdraw shortly before trial and the withdrawal was not Villegas's fault. *Id.* at 626–27. However, the circumstances explained by appellant in his brief are distinguishable from those described in *Villegas*. *Id.* Villegas only learned of his counsel's withdrawal six days before trial, and the trial court allowed the attorney to withdraw two days prior to the trial setting. *Id.* at 625–26. The supreme court concluded that Villegas was not negligent or at fault in causing the

withdrawal. Further, that court stated the period of two days before trial was too short for Villegas to secure other counsel and prepare for trial. Finally, they concluded Villegas could not obtain a new attorney because his prior counsel refused to turn over the files that included Villegas's papers and evidence. *Id.* at 626. The judgment was reversed, and the case was remanded for new trial.

In the case before us, appellant had at least a month to attempt to procure new counsel, but our record does not reflect any effort to do so. Moreover, appellant acknowledges he did not pay his attorney according to their agreement.

We conclude appellant has preserved nothing for our review. *See Strong v. Strong*, 350 S.W.3d 759, 762 (Tex. App.—Dallas 2011, pet. denied) (citing *Taherzadeh v. Ghaleh–Assadi*, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied)). We decide his single issue against him, and we affirm the trial court's judgment.

/Douglas S. Lang/
_____
DOUGLAS S. LANG
JUSTICE

140372F.P05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GARY DON THOMAS, Appellant

No. 05-14-00372-CV          V.

ANNETTE LYNNE THOMAS, Appellee

On Appeal from the 255th Judicial District Court, Dallas County, Texas
Trial Court Cause No. 13-01790.
Opinion delivered by Justice Lang. Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ANNETTE LYNNE THOMAS recover her costs of this appeal from appellant GARY DON THOMAS.

Judgment entered this 19th day of March, 2015.