

# NUMBER 13-20-00502-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**HORIZON HYDRAULICS, LLC,** **Appellant,**

**v.**

**RICHARD D. STRACENER,** **Appellee.**

---

### On appeal from the County Court at Law No. 4
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

Appellant Horizon Hydraulics, LLC (Horizon) appeals the trial court's granting of appellee Richard D. Stracener's motion for summary judgment. By a single issue, Horizon argues that the trial court erred by denying its motion for new trial. We affirm.

## I. BACKGROUND

The underlying dispute in this case involves the reimbursement of $1,308.33 for Stracener's travel expenses to and from a job interview with Horizon, which Stracener states was "agreed [to] and promised by Terry Gregory, President and authorized officer of Horizon." Gregory denies that "[t]here was . . . any discussion on travel expenses before the trip." He notes that after Horizon hired a different applicant, Stracener contacted Horizon, explained to the company that he spent the last resources he had traveling to interview for the position, and suggested that Horizon had agreed to reimburse him for travel expenses. While denying that such reimbursement was agreed to, Horizon nonetheless informed Stracener that "the company [would] pay his actual costs of hotel, meals[,] and gas for [him] and his wife as a good faith gesture hoping in time, [Horizon and Stracener] might be able to work together." When the reimbursement funds had not yet arrived a few weeks later, Stracener began sending e-mails to Gregory that Gregory deemed "derogatory," and in which, according to Gregory, Stracener "basically told [Gregory he] was going to end up in hell." Following the receipt of the e-mails, "the company decided to rescind the offer of covering any of the travel expenses . . . ."

On December 17, 2019, Stracener filed suit against Horizon and Gregory, alleging causes of action for suit on a sworn account, breach of contract, and quantum meruit relating to Horizon's purported pre-interview offer to pay his travel expenses. In response, on February 11, 2020, Gregory filed a two-page, pro se letter on behalf of himself and Horizon denying that either he or Horizon agreed to reimburse Stracener for travel expenses. On June 11, 2020, Stracener filed a traditional motion for summary judgment,

arguing that Gregory's letter constituted an "unverified response" to a suit on sworn account in violation of Texas Rule of Civil Procedure 185,[1] and, by responding on Horizon's behalf, Gregory violated Texas Rule of Civil Procedure 7,[2] which Stracener states "has been interpreted to require a licensed attorney for non-individual parties." *See* TEX. R. CIV. P. 7, 185.

On July 10, 2020, Gregory, individually and on behalf of Horizon, filed a pro se, unverified response to Stracener's motion for summary judgment, in which he: (1) acknowledged receipt of Stracener's motion for summary judgment; (2) requested that the court "remove [Gregory] as an individual from the case as [Gregory] had no involvement" with the matter at issue; (3) requested that the court "drop[] the entire case against Horizon" because "there was no agreement for travel expenses prior to [Stracener] and his wife to travel [sic] to Oklahoma City for a job interview and it's [sic] has become a costly and time consuming issue for our company"; and (4) prayed that the court would "not allow this to move forward." Gregory's response concluded by stating that if the trial court did "allow this case to move forward," then "we respectfully ask you

---

[1] Rule 185 provides:

> When any action or defense is founded upon an open account . . . including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, . . . on which a systematic record has been kept, and is supported by the affidavit of the party . . . to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, *unless the party resisting such claim shall file a written denial, under oath*. A party resisting such a sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided, *however, that if he does not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be*.

TEX. R. CIV. P. 185 (emphasis added).

[2] Under Texas Rule of Civil Procedure 7, "[a]ny party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court." TEX. R. CIV. P. 7.

allow us a reasonable amount to [sic] consult with a lawyer so we can hire proper representation to insure [sic] fairness."

Nearly a month later, on August 6, 2020, the trial court held a hearing on Stracener's motion for summary judgment, at which Gregory appeared pro se on both his and Horizon's behalf. Noting that Gregory, even pro se, was "required to know all the rules just as if [he] were a practicing attorney," and that Gregory's responses did not "really meet the rules," the trial court granted Stracener's motion for summary judgment.

On September 8, 2020, Gregory and Horizon, now represented by counsel, filed a motion for new trial. In their motion for new trial, Gregory and Horizon relied on the Texas Supreme Court's decision in *Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005), for the proposition that "[t]he law supports [the trial court] granting a new trial when the pro se defendant did not know that he needed to file a proper response to Plaintiff's Motion for Summary Judgment." At the hearing on Gregory and Horizon's motion for new trial, the trial court expressed it was "somewhat mystified that [Gregory] would not retain counsel while this [dispute] was going on," and that he instead responded pro se on his and Horizon's behalf. Gregory and Horizon's counsel stated that Gregory "thought this was like a [justice of the peace] hearing, in the sense that he thought it was just going to be informal." Gregory "thought it was merely like a [justice of the peace] action where he just . . . got to tell his side of the story, and he didn't understand the significance and the importance of . . . Texas procedure."

On October 15, 2020, the trial court granted the motion for new trial as to Gregory individually but denied the motion as to Horizon.[3] This appeal followed.

---

[3] Following the trial court's order, Stracener nonsuited Gregory.

## II.    MOTION FOR NEW TRIAL

In its sole issue, Horizon contends that the trial court erred by denying its motion for new trial.

### A.    Standard of Review & Applicable Law

"We review a trial court's refusal to grant a motion for new trial for abuse of discretion." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). "A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

In *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939), the Texas Supreme Court held that a default judgment should be set aside when a defendant establishes that "(1) the failure to answer was not intentional or the result of conscious indifference, but the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no undue delay or otherwise injure the plaintiff." *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002) (citing *Craddock*, 133 S.W.2d at 126). The *Craddock* test, based on equitable principles, "prevents an injustice to the defendant without working an injustice on the plaintiffs." *Craddock*, 133 S.W.2d at 126. Indeed, the purpose of "adopting the *Craddock* standard was to alleviate unduly harsh and unjust results at a point in time when the defaulting party has no other remedy available." *Carpenter*, 98 S.W.3d at 686.

In its subsequent *Carpenter* decision, the supreme court noted, however, that when the "rules provide the defaulting party a remedy, *Craddock* does not apply." *Id.* The supreme court thus refused to extend *Craddock* "to a motion for new trial filed after

5

summary judgment is granted on a motion to which the nonmovant failed to timely respond when the respondent had notice of the hearing and an opportunity to employ the means our civil procedure rules make available . . . ." *Id.* at 683–84.

Soon after its decision in *Carpenter*, the supreme court considered a case in which the trial court granted summary judgment against a pro se party, Wheeler, who appeared in person at a summary judgment hearing but failed to file a written response. *See Wheeler*, 157 S.W.3d at 439. Subsequently, Wheeler filed a motion for new trial, which the trial court denied. *Id.* Distinguishing Wheeler's case from *Carpenter*, the supreme court noted that nothing in the record indicated that, before summary judgment was granted, Wheeler "realized that her responses were late, that she needed to move to withdraw deemed admissions, or that she needed to file a response to the summary judgment raising either argument." *Id.* at 442. Accordingly, the supreme court held that Wheeler could raise the arguments in her motion for new trial. *Id.*

## B.   Analysis

### 1.  *Wheeler v. Green*

Horizon argues that it is entitled to a new trial under *Wheeler* because (1) its failure to file a verified response to Stracener's summary judgment motion was a mistake, (2) that it had a meritorious defense in the case, (3) and that Stracener would not be prejudiced if a new trial were granted. *See* 157 S.W.3d at 439. We find this case distinguishable from *Wheeler*.

Whether Horizon can satisfy the *Craddock* test is not a relevant inquiry in this case. In *Nguyen v. Kuljis*, 414 S.W.3d 236, 243 (Tex. App.—Houston [1st Dist.] 2013, pet. denied), the Houston court refused to extend *Wheeler* to instances where, as here, a pro

6

se defendant filed an inadequate response to a summary judgment motion, rather than no response at all. The court noted that "the fact that [the pro se party] filed a response at all takes this case outside the scope of *Wheeler*." *Id.* In holding that an inadequate response is different than no response at all, the Houston court stated that "[t]o require trial courts to grant a new trial whenever the nonmovant mistakenly files a defective summary judgment response would be to change summary judgment practice radically."

*Id.* at 244. The court continued:

> The trial court should have discretion to grant a request to cure deficiencies identified at or shortly before the hearing, as it does under the rules, but it should not be required to do so. Summary judgments based on deficient responses may be unjust in particular cases, but requiring trial courts to set them aside for every mistake will also result in injustices when cases are delayed and become more expensive. The rules wisely give trial courts discretion in determining whether to allow a party to amend a defective response under the facts of each particular case . . . . Extending *Wheeler* to cases involving only inadequate summary judgment responses removes this broad discretion by creating a right to a new trial when the *Wheeler* standards are satisfied.

*Id.* at 244–45. The court concluded by noting

> the [Texas] Supreme Court ordinarily requires pro se litigants to comply with the same rules as parties represented by counsel. *See Wheeler*, 157 S.W.3d at 444. If a new rule for inadequate summary judgment responses is to be crafted for pro se litigations, it should be the [Texas] Supreme Court that does so, not this intermediate court.

*Id.* at 245; *see Wheeler*, 157 S.W.3d at 444; *see also Cheraif v. Barshop & Oles Co.*, No. 04-19-00487-CV, 2020 WL 1866457 (Tex. App.—San Antonio Apr. 15, 2020, no pet.) (mem. op.) (adopting *Nguyen*); *Vargas v. Applied Mach. Corp.*, No. 09-15-00049-CV, 2016 WL 423708, at *5 (Tex. App.—Beaumont Feb. 4, 2016, no pet.) (mem. op.) (same). We agree with the Houston court and note that the Texas Supreme Court has yet to craft such a rule as contemplated in *Nguyen*.

Given that Gregory, on behalf of himself and Horizon, filed a response to

Stracener's motion for summary judgment, *Wheeler* and the *Craddock* analysis do not apply in this case. *See Wheeler*, 157 S.W.3d at 439; *Craddock*, 133 S.W.2d at 124; *Nguyen*, 414 S.W.3d at 236. Accordingly, we conclude that the trial court did not abuse its discretion by denying Horizon's motion for new trial. *See Craddock*, 133 S.W.2d at 124; *Downer*, 701 S.W.2d at 238; *See* TEX. R. CIV. P. 185.

### 2. Request for Continuance

Horizon did not explicitly raise arguments outside the *Craddock*, *Carpenter*, and *Wheeler* line of cases in its motion for new trial or its brief on appeal. It does, however, highlight its argument under that analysis that the trial court erred by not considering what Horizon deems Gregory's request for a continuance—that being the language in his response letter to Stracener's motion for summary judgment stating that if the trial court did "allow this case to move forward," then "we respectfully ask you allow us a reasonable amount to [sic] consult with a lawyer so we can hire proper representation to insure [sic] fairness." Horizon argues that "[t]his is clearly a pro se litigant's way to ask for more time (i.e.: a continuance)."

Even if we were to agree that Gregory requested a continuance by this language, the trial court did not err by failing to grant the request. A continuance may not be granted except for "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. The decision whether to grant a motion for continuance rests within the discretion of the trial court. *Crooks v. Moses*, 138 S.W.3d 629, 634 (Tex. App.—Dallas 2004, no pet.). An appellate court will not reverse a trial court's order denying a motion for continuance absent that court's clear abuse of discretion. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). The

8

test for determining whether a trial court abuses its discretion is whether it acts unreasonably or in an arbitrary manner without reference to any guiding rules or principles. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). "Generally, when movants fail to comply with [the] requirement that the motion for continuance be 'supported by affidavit,' we presume that the trial court did not abuse its discretion in denying the motion." *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *see* TEX. R. CIV. P. 251; *see also In re T.D.N.*, 14-07-00387-CV, 2008 WL 2574055, at *1 (Tex. App.—Houston [14th Dist.] June 26, 2008, no pet.) (mem. op.) (holding that the trial court did not abuse its discretion by not ruling on the movant's oral motion for continuance).

"When a motion for continuance is based on the lack of counsel, the movant 'must show that the failure to be represented at trial was not due to their own fault or negligence.'" *McAleer v. McAleer*, 394 S.W.3d 613, 617 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (quoting *Villegas*, 711 S.W.2d at 626); *see Sims v. Sims*, 623 S.W.3d 47, 59 (Tex. App.—El Paso 2021, pet. filed). "[A]bsence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record." TEX. R. CIV. P. 253.

In this case, Gregory failed to file a motion for continuance supported by affidavit, so we presume that the trial court did not abuse its discretion by denying or failing to consider his construed request for continuance. *See Villegas*, 711 S.W.2d at 626; *see also In re T.D.N.*, 2008 WL 2574055, at *1; *see* TEX. R. CIV. P. 251. Moreover, there is nothing in the record showing that Horizon's failure to be represented by counsel at trial was not due to its own fault or negligence. *See McAleer*, 394 S.W.3d at 617; *Sims*, 623

9

S.W.3d at 59. Indeed, Horizon's counsel stated the reason Gregory did not hire counsel was because he "thought this was like a [justice of the peace] hearing, in the sense that he thought it was just going to be informal." Moreover, Gregory had nearly eight months from Stracener's filing the underlying suit on December 17, 2019, to the summary judgment hearing on August 6, 2020, to retain counsel but failed to do so. On this record, we cannot conclude that the trial court abused its discretion by failing to grant Gregory a continuance.

Consequently, we overrule Horizon's sole issue on appeal.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
24th day of February, 2022.