**Affirmed in part; Reverse and Render in part and Opinion Filed February 6, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00374-CV**

**LOCAL PUBLIC HOUSE, LLC, Appellant**
**V.**
**CARLY PAGE SHOCKEY, Appellee/Cross-Appellant**
**V.**
**TIMOTHY BRANDT BANKS, Cross-Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-05120-2019**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Nowell

Carly Shockey and numerous other people were shot by Spencer Hight at a private residence; Shockey survived the shooting. Shockey sued Local Public House, LLC (LPH), a bar where Hight was drinking before the shooting, Timothy Brant Banks, a manager at LPH, and several others. All defendants filed pre-trial motions to adjudicate the lawsuit in their favor, and the trial court granted dispositive motions in favor of all defendants except LPH. Shockey's case against LPH proceeded to a jury trial. The jury found in Shockey's favor, and the trial court entered a judgment

adverse to LPH. On appeal, LPH argues the trial court's judgment is erroneous for multiple reasons. In a cross-appeal, Shockey argues the trial court erred by granting Banks's motion for summary judgment. We affirm the trial court's judgment as to Banks. We reverse the trial court's judgment as to LPH and render judgment in LPH's favor.

## FACTUAL BACKGROUND

On the night of September 10, 2017, Spencer Hight placed a large knife on LPH's bar in front of Lindsey Glass, a bartender, and announced he had "dirty work" to do to "put someone in his place." Glass contacted Banks, a manager at LPH who was not working that night, and she told Banks: "Spencer has a big knife on the bar and is spinning it and just asked for his tab and said I have to go do some dirty work." Glass and Hight moved to LPH's patio where Hight removed a gun from his pants and placed it on a table. When Banks arrived at LPH, he saw Hight's knife and gun, and he told Hight to put the weapons in his car; Banks accompanied Hight as he took the weapons to his car and returned to LPH's patio. Hight explained to Banks that he was having problems with his ex-wife's parents, he had a right to defend himself, and he could not do the things he wanted to do that night without being intoxicated.

Hight consumed alcohol at LPH. Banks advised Hight that he could not let Hight leave and also offered to provide Hight with transportation home. Although Banks told Hight not to leave the bar, Hight left anyway. As Hight left the bar, Banks told Glass to call Hight's ex-wife, Meredith. Hight drove from the bar to Meredith's

house where he shot and killed individuals attending a party at her home; Shockey, one of Meredith's guests, survived.

BANKS'S MOTION FOR SUMMARY JUDGMENT

Shockey sued Banks for negligence. She alleged Banks was acting as the agent, vice-principal, servant, and employee of LPH on September 10, 2017. In her fourth amended petition, her live pleading at the time the order on Banks's motion for summary judgment was entered, Shockey alleged Banks voluntarily entered an affirmative course of action by intervening with Hight and taking control of Hight's actions. She alleged Banks acted negligently by failing to: (1) prevent Hight from leaving LPH's premises; (2) provide Hight with transportation from the premises; (3) prevent Hight from leaving LPH's property until law enforcement arrived; (4) notify law enforcement timely; (5) continue to execute the intervention with Hight and control Hight in a non-negligent manner; and (6) warn Meredith's guests about Hight.

Banks filed a hybrid traditional and no-evidence motion for summary judgment on the ground that he did not owe a common law negligence duty to Shockey; he asserted he did not have a duty to control a third person such as Hight, and he did not have a duty to call the police. He also moved for no-evidence summary judgment on the ground that there was no evidence he had a special relationship with Hight or Shockey. The trial court granted Banks's motion for summary judgment on the element of duty.

## A. Standard of Review

We review a grant of summary judgment de novo. *Rosales v. Allstate Vehicle & Prop. Ins. Co.*, 672 S.W.3d 146, 149 (Tex. App.—Dallas 2023, no pet.). When, as here, no grounds are specified for the ruling, we must affirm if any of the grounds on which judgment is sought are meritorious. *Id.* We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Id.*

In a traditional motion, the movant has the burden to show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* at 149-50. A defendant is entitled to summary judgment if it conclusively negates at least one element of the plaintiff's claim or if it conclusively proves all elements of an affirmative defense. *Id.* at 150. A no-evidence motion allows a party to seek summary judgment without presenting evidence by asserting, after adequate time for discovery, that no evidence supports one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. *Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021) (citing Tex. R. Civ. P. 166a(i)). The burden then falls entirely on the adverse party to produce summary judgment evidence raising a genuine issue of material fact. *Id*. (citing Tex. R. Civ. P. 166a(i)). When, as here, a party files a hybrid motion for summary judgment, we generally review the summary judgment under the no-evidence standard of review first. *Rosales*, 672 S.W.3d at 150.

## B. Negligence Duty

The elements of a common-law negligence claim are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). "The threshold inquiry in a negligence case is duty." *Id.* "This inquiry encompasses several questions of law: the existence, scope, and elements of a duty." *Id.* In this cross-appeal, the controlling issue involves the existence of a duty — that is, whether Banks owed a duty to Shockey based on the factual situation presented. *See id.* at 144-45.

No general duty to control the conduct of another exists in Texas. *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 504 (Tex. 2017). Likewise, Texas law generally imposes no duty to take action to prevent harm to others. *Santander v. Seward*, No. 05-21-00911-CV, 2023 WL 4576015, at *22 (Tex. App.—Dallas July 18, 2023, pet. filed) (mem. op.) (citing *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000)) (Texas law generally imposes no duty to take action to prevent harm to others). A narrow exception exists when a special relationship may give rise to a duty to aid or protect others. *See Pagayon*, 536 S.W.3d at 504. Special relationships include those existing between employer and employee, parent and child, and independent contractor and contractee under special circumstances. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

To determine whether a particular defendant owes a negligence duty to a particular claimant, courts look first to whether the supreme court previously has held that a duty does or does not exist under the same or similar circumstances. *Houston Area Safety Council, Inc. v. Mendez*, 671 S.W.3d 580, 582–83 (Tex. 2023). When a duty "has not been recognized in particular circumstances, the question is whether one should be." *Id.* at 583.

To determine whether a duty should be recognized, we consider "social, economic, and political questions and their application to the facts at hand." *Pagayon*, 536 S.W.3d at 503. When undertaking this analysis, we weigh "the risk, foreseeability, and likelihood of injury . . . against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant." *Mendez*, 671 S.W.3d at 583; *see also Pagayon*, 536 S.W.3d at 503. We also consider "whether one party would generally have superior knowledge of the risk or a right to control the actor who caused the harm." *Mendez*, 671 S.W.3d at 583. The supreme court has opined that "some of these factors, like risk and foreseeability, 'may turn on facts that cannot be determined as a matter of law and must instead be resolved by the factfinder,' but these cases are unusual." *Id.* (quoting *Pagayon*, 536 S.W.3d at 504). More often, "the material facts are either undisputed or can be viewed in the light required by the procedural posture of the case." *Id.* This is because "the factual situation presented must be evaluated in the broader context of similarly situated actors." *Id.* Thus, the

question is "whether a duty should be imposed in a defined class of cases, not whether the facts of the case at hand show a breach." *Id.*

### C.    Analysis

In this appeal, there is no allegation or evidence of a special relationship between Banks and Hight that would require Banks to control Hight or a special relationship between Banks and Shockey such that Banks had a duty to prevent harm to her. Accordingly, applying the general rule that a party has no general duty to control the conduct of others or to protect others from harm, we conclude Banks had no duty to control Hight or protect Shockey from harm. Because Banks did not owe a negligence duty, the trial court properly granted Banks's motion for summary judgment in which he asserted he had no common law negligence duty to Shockey. *See Kenyon*, 644 S.W.3d at 144 (elements of negligence).

In her cross-appeal, Shockey argues the trial court erred by granting Banks's hybrid motion for summary judgment on duty because Banks failed to present evidence that Hight's acts were not foreseeable, thus failing to meet his summary judgment burden; she also asserts she brought forth more than a scintilla of probative evidence of foreseeability to raise a fact issue, thus meeting her summary judgment burden. Shockey essentially argues the facts of this case present a situation in which no duty has been legally recognized, but one should be because Hight's actions were foreseeable to Banks. *See Mendez*, 671 S.W.3d at 582–83.

While we conclude the general rules on duty apply in this case because the Texas Supreme Court has clearly stated that, absent a special relationship, a person has no general duty to control the conduct of another and no duty to take action to prevent harm to others, we will address Shockey's arguments in the interest of justice.

As to Shockey's argument that Banks failed to meet his summary judgment burden, we disagree. Once Banks raised the no-duty challenge in his no-evidence motion for summary judgment, he satisfied his burden, and the burden shifted to Shockey to raise a fact issue as to Banks's alleged duty. *See Draughon*, 631 S.W.3d at 88 (citing TEX. R. CIV. P. 166a(i)) (standard for no-evidence motion for summary judgment). Shockey's argument that Banks failed to meet his summary judgment burden is not persuasive.

As to her argument that she raised a fact issue as to whether Banks had a duty because Hight's conduct was foreseeable, we also disagree. Even if we were to conclude that Shockey raised a fact issue as to whether Hight's actions after he left LPH were foreseeable — a question we need not reach — Shockey did not explain how that alleged foreseeability meant that Banks owed a duty to her. "[F]oreseeability alone is not sufficient to justify the imposition of a duty." *City of Waco v. Kirwan*, 298 S.W.3d 618, 624 (Tex. 2009). Shockey provides no evidence of nor does she analyze all factors a court must consider when determining whether a duty should be recognized. Shockey did not discuss the risk and likelihood of

injury. *See Mendez*, 671 S.W.3d at 583; *see also Pagayon*, 536 S.W.3d at 503. Nor did she weigh those factors, along with foreseeability, against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant. *See Pagayon*, 536 S.W.3d at 503-04.

While Shockey argued a duty should have been imposed on Banks, she made no argument about a defined class of cases in which a duty should be imposed in contravention of the general rules surrounding a duty to control others and protect third persons. *See Mendez*, 671 S.W.3d at 583 (citing *Pagayon*, 536 S.W.3d at 504). Instead, she appears to ask that we "hold people to very general duties of exercising ordinary care in all circumstances," which we may not do. *See Kenyon*, 644 S.W.3d at 145. The situation must be evaluated in the broader context of similarly situated actors, and Shockey makes no effort to do so. *See Mendez*, 671 S.W.3d at 583 (citing *Pagayon*, 536 S.W.3d at 504).

We conclude that even if Shockey raised a fact issue as to foreseeability, she did not raise a fact issue as to duty. *See BDO USA, LLP v. Litex Indus., Ltd*., No. 05-15-00358-CV, 2016 WL 3198503, at *14 (Tex. App.—Dallas May 26, 2016, no pet.) (mem. op.).  We overrule Shockey's sole issue in her cross-appeal.

LPH'S MOTION FOR JNOV

On appeal, LPH challenges the trial court's judgment on several grounds. In its first issue, LPH asserts the trial court erred by denying several motions, including

–9–

its motion for judgment notwithstanding the verdict (JNOV) wherein LPH argued it could not be held liable to Shockey because the trial court previously determined, as a matter of law, that its employee, Banks, was not liable to Shockey.

A trial court should grant a motion for JNOV when: (i) the evidence is conclusive and one party is entitled to recover as a matter of law, or (ii) a legal principle precludes recovery. *El-Rayes v. Lee*, No. 05-19-00881-CV, 2020 WL 7767939, at *9 (Tex. App.—Dallas Dec. 30, 2020, no pet.) (mem. op.) (citing *Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C.*, 470 S.W.3d 636, 645 (Tex. App.—Dallas 2015, no pet.); *Iroh v. Igwe*, 461 S.W.3d 253, 261 (Tex. App.—Dallas 2015, pet. denied); TEX. R. CIV. P. 301).

Although the trial court granted Banks's pre-trial motion for summary judgment, the trial court submitted questions to the jury about whether Banks's negligence caused the injury in question and whether Banks was acting in the course and scope of his employment with LPH on the occasion in question. The jury was not asked whether LPH itself caused the injury or occurrence in question. Based on the jury charge, Shockey presumably sought to establish LPH was vicariously liable for Banks's actions.

Vicarious liability is not an independent cause of action. *Crooks v. Moses*, 138 S.W.3d 629, 637 (Tex. App.—Dallas 2004, no pet.); *see also Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019). For vicarious liability to exist, "the alleged tortfeasor must, in fact, be liable for damages. In other words,

if the alleged tortfeasor is not liable as a matter of law, then determination of agency and vicarious liability issues are never reached." *Crooks*, 138 S.W.3d at 637.

As discussed above, Shockey has not shown the trial court erred by granting Banks's motion for summary judgment on her negligence claim on the ground that Banks did not owe a negligence duty to her. Because Banks, the alleged tortfeasor, was not liable to Shockey as a matter of law, LPH could not be vicariously liable for Banks's actions or inactions. *See id.*

In her brief on appeal, Shockey argues her petition alleges liabilities against LPH that are not necessarily derivative of the liability pursued against Banks individually, and LPH, through Banks, owed a duty of ordinary care because Hight's actions were foreseeable. Therefore, Shockey asserts, LPH's argument in its first issue should fail. If we accept for purposes of this argument that LPH could be liable to Shockey even though Banks was not, Shockey failed to submit any additional theories to the jury. As the plaintiff, Shockey bore the burden to obtain jury findings to support a judgment in her favor. *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 480–81 (Tex. 2017) (recognizing the burden to secure proper findings to support a theory of recovery is on the plaintiff). Shockey did not obtain any jury findings to support judgment in her favor outside of LPH's alleged vicarious liability.

Because the judgment against LPH cannot be affirmed on the only ground submitted to the jury — vicarious liability — we conclude the trial court erred by denying LPH's motion for JNOV. We sustain LPH's first issue to this extent.

In light of our conclusion that the trial court erred by denying LPH's motion for JNOV on the ground that LPH could not be held vicariously liable, we need not address the remainder of its first issue or its second through fifth issues. *See* TEX. R. APP. P. 47.1.

CONCLUSION

We affirm the trial court's judgment in favor of Banks. We reverse the trial court's judgment adverse to LPH and render judgment that Shockey take nothing on her claims against LPH.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LOCAL PUBLIC HOUSE, LLC,
Appellant

No. 05-22-00374-CV V.

CARLY PAGE SHOCKEY,
Appellee/Cross-Appellant

V.

TIMOTHY BRANDT BANKS,
Cross-Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-05120-2019.
Opinion delivered by Justice Nowell. Justices Molberg and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court as to Timothy Brandt Banks is **AFFIRMED.** The judgment of the trial court as to Local Public House, LLC is **REVERSED** and we **RENDER** judgment that Carly Page Shockey take nothing on her claims against Local Public House, LLC.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 5th day of February, 2024.