Lila WILSON, et al., Petitioners,

v.

TEXAS PARKS AND WILDLIFE
DEPARTMENT, Respondent.

No. 990373.

Supreme Court of Texas.

Dec. 2, 1999.

James F. Dear, Dripping Springs, Jay L. Winckoer, Austin, Will S. Moursund, Round Mountain, for Petitioners.

S. Ronald Keister, John Cornyn, Andy Taylor, Linda Eads, Nelly R. Herrera, Austin, for Respondent.

PER CURIAM.

Holding that the jury was not properly instructed on the elements of the plaintiffs' cause of action, the court of appeals remanded this case for a new trial in the interest of justice under Rule 43.3(b) of the

Texas Rules of Appellate Procedure.[1] Based on what we think is the issue that should be remanded, we deny the petitions for review.

■■■ Wilton and Wilford Wilson, brothers, drowned in a stretch of the Pedernales River that flooded while they were fishing. The accident occurred where the river borders on Pedernales Falls State Park, and the Wilsons' beneficiaries sued the owner of the park, the Texas Parks and Wildlife Department, for wrongful death and survival damages on a premises liability theory.[2] As a rule, to prevail on a premises liability claim a plaintiff must prove that the defendant possessed—that is, owned, occupied, or controlled—the premises where injury occurred.[3] But a party who does not own, occupy, or control premises may nevertheless owe a duty of due care if it undertakes to make the premises safe for others.[4]

The premises where the Wilsons drowned—the Pedernales River—are owned by the State of Texas,[5] not the Department, and there is no evidence that the Department occupied or controlled the river. There is evidence, though, that the Department had the authority to restrict visitors' use of the river in certain areas, and that it had established a "flood early warning system" in response to prior drowning deaths that had occurred on the river. The Department put up signs around the park notifying visitors that they should leave the river area immediately whenever they heard the flood warning sirens, and put similar warnings on maps and other park literature. The flood early warning system was not functioning properly on the day of the accident and so the siren did not go off to warn the Wilsons that the river was flooding.

The district court rendered judgment for the plaintiffs on jury findings that the Department's negligence proximately caused the Wilsons' deaths. The court of appeals reversed the judgment on the grounds that the Department does not own the river, and "[o]nly the issue of ownership was before the jury; the question of control was not presented to the jury."[6] However, because the district court refused the plaintiffs' requested jury question inquiring whether the Department controlled the river at the time and place of the accident, the court of appeals concluded that in the interest of justice, the case "should be remanded for a new trial solely on the issue of control."[7]

■■■ There is no evidence that the Department controlled the river conditions, and a remand for a retrial of that issue would be improper and, it appears, futile. But there is evidence that it attempted to control the conduct of visitors to the park. Plaintiffs allege that the Department was negligent, not in preventing the river from flooding, but in failing to provide visitors with adequate warning of the impending flood. Plaintiffs contend that by putting up signs about its flood warning systems, the Department encouraged visitors' reliance that the park rangers were monitoring the river and would

---

1. 991 S.W.2d 93, 97.

2. *See* TEX. CIV. PRAC. & REM.CODE § 101.022(a).

3. *City of Denton v. Page,* 701 S.W.2d 831, 835 (Tex.1986).

4. *Lefmark Management Co. v. Old,* 946 S.W.2d 52, 54 (Tex.1997); *Page,* 701 S.W.2d at 835; *Colonial Sav. Ass'n v. Taylor,* 544 S.W.2d 116, 119–20 (Tex.1976); RESTATEMENT (SECOND) OF TORTS § 323 ("One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance on the undertaking.").

5. TEX. WATER CODE § 11.021(a).

6. 991 S.W.2d at 97.

7. *Id.* at 98.

provide adequate warning if dangerous conditions developed. The remand for retrial permits plaintiffs' assertion that the Department undertook a duty to make it safe for park visitors to use the river, and that it breached such a duty. Whether plaintiffs could establish such a claim, and whether the Department could be liable for any breach of such a duty, if owed, are issues on which we express no opinion.

The petitions for review are denied.