Affirmed and Memorandum Opinion filed October 12, 2006








Affirmed and Memorandum Opinion filed October 12, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00910-CV

____________

 

JEWEL TEAGLE AND DALTON TEAGLE,
INDIVIDUALLY AND A/N/F TO COLIN TEAGLE, A MINOR CHILD, Appellants

 

V.

 

AMC THEATRES MEYER PARK, Appellee

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 04-35525

 



 

M E M O R A N D U M   O P I N I O N

Colin Teagle was assaulted outside a movie theater owned by
AMC Theatres Meyer Park (AAMC@).  His parents,
Jewel and Dalton Teagle (Athe Teagles@), in both their
individual capacities and as next friends of Colin, sued AMC for negligence in
relation to the assault.  AMC filed a motion for summary judgment raising both
traditional and no-evidence grounds.  The trial court granted the motion
without specifying the grounds therefor.  In a single issue, the Teagles
contend that the trial court erred in granting AMC=s motion for
summary judgment.  We affirm.








Discussion

We apply the well-established standards of review in
considering the trial court=s grant of summary judgment.  Tex. R. Civ. P. 166a; W. Invs., Inc.
v. Urena, 162 S.W.3d 547, 550 (Tex. 2005); King Ranch, Inc. v. Chapman,
118 S.W.3d 742, 750-51 (Tex. 2003).  Because the trial court did not specify
the basis for granting judgment, we must affirm if any of the theories advanced
in the motion are meritorious.  W. Invs., Inc., 162 S.W.3d at 550.[1]

It is undisputed that Colin was assaulted outside the AMC
theater after having seen a movie at the theater.  In their petition, the
Teagles alleged that AMC negligently failed to (1) provide adequate security
and monitoring, (2) render timely aid and assistance during the assault, and
(3) render appropriate medical attention after the assault.  To prevail on a
negligence cause of action, a plaintiff must establish (1) the existence of a
duty, (2) breach of that duty by the defendant, and (3) damages proximately
caused by the breach.  Id.

Among other arguments in its motion for summary judgment,
AMC asserted that the Teagles could produce no evidence of the existence of a
duty in regard to each of their claims.  Specifically regarding the claims for
inadequate security and monitoring and failure to timely aid and assist, AMC
asserted that the Teagles could produce no evidence that AMC had a duty to
provide security in the area where the assault occurred or to protect Colin
from criminal assault by third parties in that area.  AMC stated that although
it had responsibility to maintain security inside the theater, security outside
the theater was the responsibility of the property owner, Luel Partnership,
Ltd.[2]








In response, the Teagles did not point to any evidence as establishing
a duty; they merely cited general propositions of premises liability law that
(1) Aa proprietor of a
business open to the public is considered a possessor for purposes of premises
liability,@ citing Carlisle v. Weingarten, Inc., 152
S.W.2d 1073, 1075 (Tex. 1941), and (2) Aa possessor owes a
duty to those who may be harmed by criminal acts on the possessor=s premises when
the risk of criminal conduct is so great that it is both unreasonable and
foreseeable,@ citing Timberwalk Apartments Partners, Inc. v.
Cain, 972 S.W.2d 749, 756 (Tex. 1998).  These general legal assertions,
however, beg the question of whether AMC had a duty to provide security outside
of the theater where the assault occurred.  See Wilson v. Texas Parks &
Wildlife Dep=t, 8 S.W.3d 634, 635 (Tex. 1999) (AAs a rule, to
prevail on a premises liability claim a plaintiff must prove that the defendant
possessedCthat is, owned, occupied, or controlledCthe premises where
injury occurred.@); see also Wallace v. Wymer, No.
01-04-00735-CV; 2005 WL 3214689, at *2 (Tex. App.CHouston [1st
Dist.] 2005, no pet.) (mem. op.) (affirming summary judgment where movant
demonstrated that it had never owned, occupied, or controlled location in front
of facility where assault occurred); Alarcon v. Bed, Bath & Beyond, Inc.,
No. 04-03-00551-CV, 2004 WL 1453465, at *1-2 (Tex. App.CSan Antonio 2004,
no pet.) (mem. op.) (affirming summary judgment where movant established that
shopping center landlord, and not movant, was responsible for security in
common area in front of movant=s store); Johnson v. Tom Thumb Stores,
Inc., 771 S.W.2d 582, 584-85 (Tex. App.CDallas 1989, writ
denied) (affirming directed verdict when premises liability plaintiff failed to
present evidence of tenant=s duty in light of fact that lease put
burden on landlord to maintain common area).

Except for the affidavit by AMC=s general manager,
who denied that AMC had such a duty, the record is silent in regard to
responsibility for security outside the theater.  Because the Teagles failed to
produce any evidence to establish a duty regarding the claims for inadequate
security and monitoring and failure to timely aid and assist, the trial court did
not err in granting summary judgment against these claims.













Regarding the Teagles= third cause of
action, alleging that AMC negligently failed to render appropriate medical
attention, AMC also asserted that the Teagles could produce no evidence of
duty.  In response, the Teagles contend that AMC assumed a duty to render aid
when it created the dangerous condition that resulted in Colin=s injuries.  In
support of this argument, they cite Colin=s deposition
testimony in which he stated that after he left the movie, one of the off-duty
police officers told him and his friends to leave the theater.  However, even assuming
that a person who creates a dangerous condition thereby assumes a duty to aid,
we find that Colin=s testimony that he was told to leave the
theater is no evidence that AMC created the dangerous condition that resulted
in his injuries.[3] 
The Adangerous
condition@ was first and foremost caused by Colin=s assailants. 
Arguably, the condition was also possibly caused by inadequate security;
however, as explained above, the Teagles produced no evidence that AMC had a
duty to provide security in the area where Colin was assaulted.  AMC=s telling Colin
that he had to leave the theater is simply too removed a[4]nd
tenuous to the dangerous condition to be considered a cause of the condition.  See
Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995)
(holding that cause in fact is not shown if the defendant=s action did no
more than furnish a condition which made the injury possible; instead, the
evidence must show that the action was the proximate, and not the remote, cause
of resulting injuries and must justify the conclusion that such injury wa[5]s
the natural and probable result thereof).  Because the Teagles did not
produce any evidence that AMC had a duty to render medical attention to Colin,
the trial court did not err in granting summary judgment against the Teagles= third cause of action. 
Accordingly, the Teagles= sole issue is overruled.

We affirm the trial court=s judgment.

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed October 12, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Amidei.[4]









[1]  Because of our disposition of the substantive issues
in this appeal, we need not address the parties= arguments regarding the striking of certain summary judgment evidence
by the trial court.





[2]  In its motion, AMC also alleged that as a matter of
law, it proved that it was not responsible for providing security outside of
the theater.  Attached to the motion was an affidavit by AMC=s general manager, Angela Smith, in which she averred
that although AMC employed off-duty police officers to provide security inside
the theater, security for outside the theater, including common areas and the
parking lot, was the responsibility of Luel.





[3]  The two cases cited by the Teagles, Barras v.
Monsanto Co., 831 S.W.2d 859 (Tex. App.CHouston
[14th Dist.] 1992, writ denied), and Blankenship v. Walgreen Co., No.
A14-92-00637-CV, 1993 WL 5246 (Tex. App.CHouston
[14th Dist.] 1993, no writ) (not designated for publication), generally discuss
responsibility for conditions created on premises not owned, possessed, or
controlled by the actor, but do not mention any duty to render medical
attention.  See generally Restatement
(Second) of Torts '' 322, 386 (1965) (discussing circumstances under which
a person may have a duty to render aid).





 





 





[4]  Senior Justice Maurice E. Amidei sitting by
assignment.