**REVERSE and REMAND; and Opinion Filed July 30, 2018.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-17-00613-CV

### ROSANA STIRRUP, Appellant
### V.
### ANSCHUTZ TEXAS, LP, Appellee

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-14110**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Lang-Miers

Rosana Stirrup sued Anschutz Texas, LP after she was injured in a fall down unlit stairs at Verizon Theatre, property Anschutz operates. The trial court granted Anschutz's traditional summary judgment motion. Because Anschutz did not move for summary judgment on all of Stirrup's claims, and because there was a genuine issue of material fact whether Stirrup's use of the stairs was necessary, we reverse the trial court's judgment and remand the case for further proceedings.

### BACKGROUND

Stirrup and James Kendrick had tickets to a ZZ Top concert at Verizon Theater in Grand Prairie on June 12, 2015. Anschutz operates the theater. When Stirrup and Kendrick arrived at the theater, Kendrick went ahead to his seat while Stirrup went to the restroom. By the time Stirrup

entered the theater, it was very dark inside. She did not know the location of her seat. She could see there were stairs to descend, but only the top few steps were lit. She went to find an usher for assistance. An usher with a flashlight escorted Stirrup back into the theater, and they proceeded down a few steps. The usher, however, moved ahead of Stirrup, and did not shine the flashlight to enable Stirrup to see the steps. She called to the usher to come back because she could not see, but he went down to the bottom of the stairs, moving the light around but not illuminating the area where Stirrup was attempting to descend. Stirrup then looked for a handrail—there was none—and took another step down the stairs. She fell down the stairs and sustained a head injury.

Stirrup brought this lawsuit against Anschutz, alleging that the condition of the unlit stairs created an unreasonable risk of harm to her. She alleged that she was an invitee on the premises, that Anschutz owed her a duty of care, and that Anschutz breached its duty by failing to inspect its premises, failing to place signs to warn invitees, failing to supervise its employees "to ensure the safety of invitees," failing "to instruct or train its agents, servants, and employees to maintain a hazard free environment," and failing to perform needed repairs. Anschutz did not specially except to Stirrup's pleading.

Anschutz answered and moved for summary judgment on the ground that it owed no duty to warn Stirrup "of the open and obvious lighting conditions on the stairs." In her summary judgment response, Stirrup relied on the "necessary use" exception to the rule that a landowner has no duty to warn of an open and obvious condition on its premises. She argued that because it was necessary to use the stairs in order to reach her seat, Anschutz was not relieved of its duty to her even though the darkness of the stairs was an open and obvious condition. She also argued:

> Understanding the danger of walking down stairs without being able to see the steps, and there being no handrail, Plaintiff walked back up and went to get an usher to help her. After finding the usher, Plaintiff told him that it was too dark and she could not see where her seat was and the usher agreed to help her. The usher got his flashlight out, proceeded to the stairs, and waived [sic] the light on the top of the flight of steps. Plaintiff was able to see the top few steps of the stairs when the

–2–

usher waved the flashlight down before descending the stairs. However, he hurried in front of her and by the time Plaintiff was two steps down the stairs, the usher was at the bottom of the stairs and Plaintiff could no longer see anything below her. Plaintiff hollered [to] the usher, "I can't see; I can't see . . . come back here. Bring your flashlight because I can't see here." Plaintiff asked the usher two or three times to come back, but the usher stayed at the bottom of the stairs. Plaintiff stood there for a few seconds before deciding to try and walk down the stairs without the aid of the usher. Plaintiff figured that there must have been a handrail but there wasn't. Plaintiff then fell down the stairs and hit the concrete with the left part of her face. As she was falling, Plaintiff noticed that the usher had turned his flashlight off.

(Citations to Stirrup's deposition omitted).

The trial court granted Anschutz's summary judgment motion in an order dated April 13, 2017. The order recites that after considering Anschutz's motion, Stirrup's response, Anschutz's reply, and arguments of counsel, "the court GRANTS Defendant's Motion for Summary Judgment as follows: The Court enters a take-nothing judgment in favor of Anschutz Texas, L.P. on Plaintiff's claim that the dark lighting in the theater is a premise defect."

Anschutz then moved for entry of judgment, arguing that the April 13, 2017 order "dispensed with the only cause of action that the Plaintiff pleaded in this case, but it did not contain language necessary to make the order final under Texas law." Stirrup did not respond to this motion. The trial court rendered a final judgment on May 5, 2017. The judgment provided that the April 13 order "disposed of all claims asserted by Plaintiff against Defendant," and "[a]ccordingly, the Court hereby RENDERS judgment for Defendant Anschutz Texas L.P. and ORDERS that Plaintiff take nothing from Defendant." This appeal followed.

In three issues,[1] Stirrup contends that the trial court erred in granting Anschutz's motion, because there are genuine issues of material fact whether the premises defect was open and

---

[1] Stirrup did not list or number her appellate issues in her brief. Anschutz articulated and numbered Stirrup's issues as (1) whether Anschutz owed a duty to Stirrup to keep her safe from an open and obvious premises defect; (2) whether the necessary use exception to the no-duty rule applies; and (3) whether Stirrup may raise for the first time on appeal new theories to preclude summary judgment. We use Anschutz's numbering in our discussion.

obvious, whether the necessary use exception applied, and whether Anschutz was otherwise negligent.

## STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Under Texas Rule of Civil Procedure 166a(c), the party moving for traditional summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.* at 215–16. When we review a traditional summary judgment in favor of a defendant, we determine whether the defendant conclusively disproved an element of the plaintiff's claim or conclusively proved every element of an affirmative defense. *Durham v. Children's Med. Ctr. of Dallas*, 488 S.W.3d 485, 489 (Tex. App.—Dallas 2016, pet. denied). We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Provident Life*, 128 S.W.3d at 215. A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Durham*, 488 S.W.3d at 489.

The trial court's order on Anschutz's traditional motion for summary judgment specified the grounds for the ruling, stating "[t]he Court enters a take nothing judgment in favor of Anschutz Texas, L.P. on Plaintiff's claim that the dark lighting in the theater is a premise defect." Subsequently, on Anschutz's motion, the trial court rendered judgment stating that its summary judgment order "disposed of all claims asserted by Plaintiff against Defendant." When a trial court's summary judgment order specifies the ground or grounds upon which it was granted, we generally limit our review to those grounds. *Morris v. Deutsche Bank Nat'l Tr. Co.*, 528 S.W.3d 187, 195 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996)).

"It is settled that '[a] court cannot grant summary judgment on grounds that were not presented'" in the motion. *Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012) (quoting *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002)). "'Granting a summary judgment on a claim not addressed in the summary judgment motion therefore is, as a general rule, reversible error.'" *Sky Group, LLC v. Vega St. 1, LLC*, No. 05-17-00161-CV, 2018 WL 1149787, at *4 (Tex. App.—Dallas Mar. 5, 2018, no pet.) (mem. op.) (quoting *G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam)).

## DISCUSSION

### A. Premises liability

Stirrup pleaded that the theater steps were inadequately lit, and Anschutz assumed for purposes of its summary judgment motion that the lighting on the steps constituted an unreasonably dangerous premises condition. But Anschutz argued that this condition was open and obvious to Stirrup. Citing *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203–04 (Tex. 2015), Anschutz argued in its motion that "a landowner generally has no duty to protect or warn an invitee against unreasonably dangerous premises conditions that are open and obvious and known to the invitee."[2] In *Austin*, the court explained that when a condition is "open and obvious or known to the invitee," the condition "no longer pose[s] an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises." *Id.* at 203.

Stirrup acknowledges this rule, but argues that an exception applies here. In *Austin*, the court discussed the "necessary-use exception," arising from its decision in *Parker v. Highland*

---

[2] In its appellate brief, Anschutz also relies on *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706 (Tex. 2003) (per curiam), and *Wyckoff v. George C. Fuller Contracting Co.*, 357 S.W.3d 157 (Tex. App.—Dallas 2011, no pet.). In both cases, the plaintiffs fell down stairs on the defendants' premises. *Miller*, 102 S.W.3d at 708; *Wyckoff*, 357 S.W.3d at 160. In both cases, the plaintiffs were fully aware of defects in the stairs that they alleged to have caused their falls. *Miller*, 102 S.W.3d at 710; *Wyckoff*, 357 S.W.3d at 165. In both cases, the courts concluded the defendants had no duty to the plaintiffs as a matter of law because the plaintiffs had knowledge of the defects. *See Miller*, 102 S.W.3d at 710; *Wyckoff*, 357 S.W.3d at 165. But in neither case did the plaintiff assert or rely on the necessary-use exception, as Stirrup does in this case. *See generally Miller*, 102 S.W.3d at 707–10; *Wyckoff*, 357 S.W.3d at 163–66. For that reason, we conclude *Miller* and *Wyckoff* are distinguishable.

*Park, Inc.*, 565 S.W.2d 512 (Tex. 1978). *Austin*, 465 S.W.3d at 206. This exception, as defined in *Austin*, "applies when the facts demonstrate that (1) it was necessary that the invitee use the unreasonably dangerous premises and (2) the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks despite the invitee's awareness of them." *Id.* at 207. The necessary use exception "preserve[s] . . . [the landlord's] duty under limited circumstances" to protect or warn an invitee against unreasonably dangerous premises conditions that are open and obvious or otherwise known to the invitee. *Id.* at 213. In cases involving the necessary use exception, "the obviousness of the danger and the invitee's appreciation of it may be relevant to a landowner's defense based on the invitee's proportionate responsibility, but they do not relieve the landowner of its duty to make the premises reasonably safe." *Id.* at 204.

Stirrup relies on the similar facts of *Parker*. The plaintiff in *Parker* fell while descending improperly lit stairs in a common area that she had to use to exit her sister's apartment. *Parker*, 565 S.W.2d at 513. The plaintiff was aware of the darkness and the risk it presented. *Id.* at 514. She took steps to mitigate the risk by having her sister hold a flashlight to illuminate the stairs and by taking careful steps while holding on to the handrail. *Id.* But as the court explained in *Austin*, "[n]evertheless, because the stairs included narrow, unevenly distributed steps and turned such that the flashlight could not illuminate all the way down, the measures were insufficient and the plaintiff fell." *Austin*, 465 S.W.3d at 206 (citing *Parker*, 565 S.W.2d at 514). Consequently, the *Parker* court adopted the rule that when an invitee necessarily must use the unreasonably dangerous premises and cannot take precautions that will adequately reduce the risk, the no-duty rule does not apply even though the invitee is aware of and appreciates the dangers. *See Austin*, 465 S.W.3d at 204–07 (discussing *Parker*, 565 S.W.2d at 520).

Stirrup argues that as in *Parker*, it was necessary for her to use the dark stairway to get to her seat, and her precaution of asking an usher for help did not adequately reduce the risk. But

Anschutz counters that Stirrup chose to descend the stairs in the dark. And Anschutz argues that unlike *Parker*, there is no evidence that descending the dark stairs was "necessary." In *Parker*, the plaintiff "had no other means to exit the second-story apartment except by the dangerous staircase." *Austin*, 465 S.W.3d at 213 (discussing *Parker*, 565 S.W.2d at 514).

Anschutz also relies on our decision in *Nethery v. Turco*, No. 05-16-00680-CV, 2017 WL 2774448, at *3 (Tex. App.—Dallas June 27, 2017, no pet.) (mem. op.). Nethery, a real estate agent, responded to an invitation by the Turcos' realtor to attend a private tour of the Turcos' home. *Id.* at *1. After completing her tour, Nethery exited the home and walked down its circular driveway. She noticed ice on the driveway, and tried to "step around it." *Id.* She "was stepping very carefully" to avoid the ice she knew was present. *Id.* Despite her care, she slipped on the ice and fell, injuring her wrist. *Id.* Nethery testified that she did not know whether there was any ice on the other side of the driveway. The trial court granted summary judgment for the Turcos on the ground that the Turcos had no legal duty to warn or protect Nethery from an open and obvious condition. *Id.* at *3.

Citing the supreme court's opinion in *Austin*, we affirmed the trial court's judgment. *Id.* at *2–3. We explained,

> [T]he Texas Supreme Court in *Austin* stated that when, as in this case, the condition is open and obvious or otherwise known to the invitee, "the law presumes that invitees will take measures to protect themselves against known risks." [*Austin*, 465 S.W.3d] at 203. Under controlling precedent, the Turcos' duty to appellant was negated by Nethery's admission that the ice was open and obvious or otherwise known to her. *See id.* at 204.

*Nethery*, 2017 WL 2774448, at *2.

We also rejected Nethery's argument that the necessary use exception applied. We explained, "[t]he summary judgment evidence shows it was not necessary that Nethery use the portion of the premises on which she slipped and fell." *Id.* at *3. Nethery testified in her deposition that ice did not cover the entire driveway and that, before trying to walk around the ice on which

she slipped and fell, she did not look at the other side of the circular driveway to see if she could turn around and walk the other way without encountering ice. *Id.* Nethery testified she thought she could get around the ice. She also testified that approximately fifty people would have toured the Turcos' home that day. We noted there was no evidence that anyone else slipped and fell on the premises that day, and "no evidence the Turcos should have anticipated Nethery was unable to take appropriate measures to avoid the risks allegedly posed by the ice on the driveway." *Id.* We also noted, "[i]ndeed, the evidence shows Nethery was extremely cautious as she attempted to step around the ice." *Id.* We distinguished *Parker*:

> This case is unlike the situation in *Parker v. Highland Park, Inc.*, from which the necessary use exception arises, where the facts demonstrated that the dimly lit staircase was the only means available to the plaintiff to exit the apartment, and that the landowner should have anticipated the plaintiff/invitee would have been unable to take measures to avoid the risks posed by the narrow, unevenly distributed steps. *See Parker*, 565 S.W.2d at 514. Nethery chose to leave the premises the same way she entered it, but she did not present evidence establishing this was the only means of ingress and egress available to her.

*Nethery*, 2017 WL 2774448, at *3. Explaining that the necessary use exception was a "limited exception[ ] to the general no duty rule," we concluded that "the summary judgment evidence establishes as a matter of law that the alleged unreasonably dangerous condition on the premises was open and obvious or otherwise known to Nethery and that the necessary use exception to the general rule of no-duty . . . for open and obvious conditions does not apply." *Id.* We concluded Nethery failed to raise a fact issue that there was no alternative to proceeding over the ice, especially because she did not look for another route. *Id.* Consequently, we affirmed the trial court's summary judgment for the Turcos. *Id.* at *3–4; *see also Wallace v. ArcelorMittal Vinton, Inc.*, 536 S.W.3d 19, 25 (Tex. App.—El Paso 2016, pet. denied) (summary judgment for landowner affirmed where invitee neither argued that necessary use exception applied nor "put forward some evidence" to support exception's application).

Here, in contrast, Stirrup offered evidence that she chose an alternative to proceeding down the dark stairs by herself when she went to get an usher for help. Although in its summary judgment response, Anschutz alleged "there was a fully lighted stairway outside of the seating area which [Stirrup] could have used instead," the only evidence in the record is that the usher led Stirrup back to her original route. As in *Parker*, Stirrup was injured despite her cautionary measures. And unlike *Nethery*, where there was evidence an alternate route may have been available, Stirrup offered evidence that she did choose an alternative to proceeding down the stairs in the dark by herself when she went back to get an usher for help instead of starting down the stairs. But the usher proceeded to guide her down the very same route to her seat. Once the usher had led Stirrup down the first few steps, her alternatives were to go back up the dark stairs or continue down them. *See Austin*, 465 S.W.3d at 207 (necessary use exception applies where invitee is unable to take measures to avoid the risk).

In sum, although we agree with the trial court's apparent conclusion that the dark lighting in the theater was open and obvious, we also conclude that Stirrup's evidence is sufficient to raise a fact issue whether the necessary use exception applies. *See Austin*, 465 S.W.3d at 204–06 (where necessary use exception applies, plaintiff's awareness of risk does not relieve landowner's duty to make premises safe). Summary judgment was not proper on Stirrup's premises liability claim. We sustain Stirrup's second issue.

### B. Other negligence claims

Anschutz moved for summary judgment on the sole ground that it "did not owe a duty to warn the Plaintiff of the open and obvious lighting conditions on the stairs." Anschutz argued that it had no duty to warn Stirrup because she was already aware of the condition; Stirrup asked the usher for help and then "made a deliberate decision" to walk down the stairs. Stirrup responded with arguments that Anschutz knew of the dangerous condition of the stairs but failed to exercise

reasonable care to reduce or eliminate the risk. She contended that Anschutz "provided inadequate lighting and was negligent in failing to provide a handrail." She argued that "this harmful condition was not open and obvious" to her. And citing *Parker*, she argued that the necessary use exception applied, as we have discussed.

In addition, Stirrup argued in her summary judgment response that the usher was negligent, both in the paragraph quoted above, and again in a later section of her response:

> In this case, Defendant failed to exercise reasonable care to reduce or eliminate the risk of using the darkened stairs. The usher knew Plaintiff could not see the stairs, as that is why she sought out his assistance. Despite this, he did not stay with Plaintiff as she attempted to navigate her way in the dark. Plaintiff expressly requested the usher to come back and help her, and although this was his job, he failed to provide the requested aid.

(Citations to Stirrup's deposition omitted). Stirrup concluded that Anschutz's failures proximately caused her injuries.

In its summary judgment reply, Anschutz argued that Stirrup had actual knowledge of the condition, and failed to satisfy her burden to prove the necessary use exception. But Anschutz did not address Stirrup's claims and supporting evidence about the usher's actions.

On appeal, Anschutz argues that Stirrup "raises issues for the first time in her brief that were not expressly presented to the trial court." Anschutz contends that her claims about the usher's duties are claims of "negligent activity," but Stirrup only pleaded negligence arising from a premises defect. Anschutz argues that negligence and premises liability claims are based on independent theories of recovery, and Stirrup was required to raise both in her summary judgment response in order to complain about them on appeal.

We agree with Anschutz that premises liability and negligent activity, as well as negligent undertaking, are independent theories of recovery. *See, e.g., Crooks v. Moses*, 138 S.W.3d 629, 637–639 (Tex. App.—Dallas 2004, no pet.), and *Sibai v. Wal-Mart Stores, Inc.*, 986 S.W.2d 702, 705–07 (Tex. App.—Dallas 1999, no pet.). But we disagree that Stirrup raised only premises

–10–

liability in her pleadings and summary judgment response. As we have explained, Stirrup generally pleaded a claim of negligence, alleging both a condition on the premises that created an unreasonable risk to invitees, and Anschutz's negligence in "failing to supervise its agents, servants, and employees to ensure the safety of invitees," among other failures. Because Anschutz did not specially except to Stirrup's petition, we construe it liberally in Stirrup's favor. *Horizon/CMS Heathcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) ("When a party fails to specially except, courts should construe the pleadings liberally in favor of the pleader."). We conclude Stirrup's petition can be fairly read to include both a premises liability claim and a claim based on Anschutz's negligence. *See Sibai*, 986 S.W.2d at 707 ("While the petition does not specifically state that appellants intended to advance both a negligent activity and a premises liability claim, we conclude that the petition can fairly be construed as raising both claims.").

Stirrup elaborated on these claimed failures in her summary judgment response, specifically complaining of both the darkness of the stairway and the usher's failures to assist her. Stirrup's summary judgment response quoted above described the usher's conduct, and cited to supporting testimony in her deposition, which was attached to her summary judgment response.

An owner or occupier of land may be liable for negligence in two situations: (1) those arising from a premises defect and (2) those arising from an activity or instrumentality. *Id.* at 706 (citing *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex. 1985)). When the alleged injury is the result of the premises's condition, the injured party can only recover under a premises defect theory. *Id.* When the alleged injury is the result of a negligent activity, the injured party must have been injured by, or as a contemporaneous result of, the activity itself, not by a condition the activity created. *Id.* In *Sibai*, we concluded that the plaintiff's petition adequately alleged both a premises liability claim and a negligent activity claim, even though the petition did not specifically state that the plaintiff "intended to advance" both claims. *Id.* at 707. The plaintiff had alleged that Wal-

Mart's employee struck her as he was moving merchandise from one shopping cart to another. *Id.* Because the injury occurred simultaneously with the negligent activity, not as a result of a latent condition the activity created, and because the plaintiff offered evidence to raise a fact question on the issue, we concluded the trial court erred by granting a directed verdict on the plaintiff's negligent activity theory. *Id.* at 707–08.

In addition, a party may be liable for a negligent undertaking. *See Crooks*, 138 S.W.3d at 637. A duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously or for compensation. *Id.* And if one undertakes to make the premises safe for others, he or she owes a duty to use due care in making the premises safe. *Id.* (citing *Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999) (per curiam)). In *Crooks*, the defendants/appellees (the Moseses) built a bonfire for an informal gathering, taking steps to make it safe, including preparing and grading the site and placing a metal barrier around the fire. *Id.* at 638. Despite these measures, the plaintiff/appellant (Crooks) was injured by flying debris after an explosion erupted from the fire. *Id.* at 634. We concluded that "[t]hese facts, viewed in a light most favorable to appellant, state a claim for negligent undertaking." *Id.* at 638. The trial court granted summary judgment for the Moseses on Crooks's negligent undertaking claim even though the Moseses did not address that claim in their summary judgment motion. *Id.* at 637. We affirmed the trial court's summary judgment on Crooks's negligent activity and premises liability claims that were addressed in the Moseses' motion, but reversed and remanded for consideration of the negligent undertaking, agency, and vicarious liability claims that the motion did not address. *Id.* at 642.

Although Stirrup did not specifically entitle claims as "negligent activity" or "negligent undertaking" in her petition or summary judgment response, she described and supported with evidence the conduct of which she complains. She complains that the usher undertook to help her

but did so negligently, and her injury occurred simultaneously with the usher's activity. She testified on both matters in her deposition. We conclude that this evidence is sufficient to raise material fact issues on Stirrup's negligence claims arising from the usher's conduct. *See Sibai*, 986 S.W.2d at 708; *Crooks*, 138 S.W.3d at 638; *cf. Arana v K. Hovnanian Homes-DFW, L.L.C.*, No. 05-17-00367-CV, 2018 WL 3017307, at *7, 8 (Tex. App.—Dallas Jun. 18, 2018, no pet. h.) (mem. op.) (summary judgment for defendant home builder affirmed where family of deceased construction worker did not "identify any evidence" showing (a) necessity; (b) that builder should have anticipated worker's inability to avoid the unreasonable risk; or (c) that builder engaged in negligent activity).

Because Anschutz did not move for summary judgment on any claim for negligent activity or negligent undertaking, the trial court erred to the extent it awarded summary judgment to Anschutz on those grounds. *See Sky Group, LLC*, 2018 WL 1149787, at *4 (reversing trial court's judgment to extent it awarded appellees summary judgment on breach of contract claim, where appellees did not move for summary judgment on that claim). A trial court cannot grant summary judgment on grounds that were not presented in the motion. *Lenk*, 361 S.W.3d at 609. We sustain Stirrup's third issue. *See Sky Group, LLC*, 2018 WL 1149787, at *4.

## CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

170613F.P05

–13–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ROSANA STIRRUP, Appellant

No. 05-17-00613-CV      V.

ANSCHUTZ TEXAS, LP, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-15-14110.
Opinion delivered by Justice Lang-Miers; Justices Evans and Schenck, participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this Court's opinion.

It is **ORDERED** that appellant Rosana Stirrup recover her costs of this appeal from appellee Anschutz Texas, LP.

Judgment entered this 30th day of July, 2018.