

## NUMBER 13-20-00138-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

**CITY OF MISSION, TEXAS,**                                                                 **Appellant,**

**v.**

**LUCILA GONZALEZ,**                                                                 **Appellee.**

**On appeal from the County Court at Law No. 8
of Hidalgo County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Justice Benavides**

Appellee Lucila Gonzalez filed suit against appellant City of Mission, Texas (the City), alleging the City was liable for her slip and fall. By three issues, which we have reorganized, the City argues the trial court erred in denying its plea to the jurisdiction because: (1) Gonzalez failed to comply with the notice requirements under § 101.101 of the Texas Tort Claims Act (TTCA); (2) Gonzalez failed to allege a claim within the TTCA's

limited waiver of immunity; and (3) even if Gonzalez stated a claim, the City provided unrefuted evidence that conclusively established a jurisdictional defect. We reverse and render a judgment of dismissal for want of jurisdiction.

## I.  BACKGROUND

According to her petition, on the evening of September 24, 2017, Gonzalez was taking the trash out at her residence when she slipped and fell, striking her right knee on the ground. It is undisputed that the fall occurred on private property. However, Gonzalez alleges the area where she fell was muddy "because of negligent repair work to a water line rupture" by City employees. As part of the repair, City firefighters emptied the water line across the street from her residence. Gonzalez alleges that the released water flowed across the street, causing the muddy condition, and that the City was negligent in the following ways:

A.   In failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;

B.   In failing to properly inspect and maintain the ground in question to discover the dangerous condition;

C.   In failing to maintain the ground in a safe condition;

D.   In failing to give warnings to [Gonzalez] of the unsafe condition;

E.   In failing to discover and remove the dangerous condition within a reasonable time;

F.   In failing to remedy the situation; and

G.   In failing to properly monitor and maintain the water line at issue herein.

2

She also alleges in her petition that she complied with the notice requirements of the TTCA and that her suit is "authorized by Section 101.0215 of the [TTCA]."

The City filed a plea to the jurisdiction on several grounds, including Gonzalez's purported failure to comply with the TTCA's formal notice requirements. The City attached a copy of the following letter it received from Gonzalez's attorney approximately two months after the incident:

> **Re:** Our Client(s): Lucila Gonzalez
> Date of Loss: 09/24/2017
> Claim# n/a
>
> Dear Mr. Flores:
>
> This letter is to formally advise you that **THE SANCHEZ LAW FIRM** has been retained to represent Lucila Gonzalez in regards [sic] to any and all claims that she may have against The City of Mission Texas, its agents and representatives, claims handlers and/or adjusters, with regard to a slip and fall injury that occurred on the above stated date.
>
> Please address all future correspondence to my attention, at 4842 S. Jackson Rd., Edinburg, TX 78539. If you have any questions concerning these matters, please do not hesitate to contact me at (956) 687-7700.
>
> Sincerely,
>
> **THE SANCHEZ LAW FIRM**

Gonzalez did not file a response to the plea to the jurisdiction.

At the hearing, Gonzalez did not dispute that she failed to comply with the formal notice requirements; instead, she argued the City had "actual notice" of her claim and pointed to a police report that was attached "as an Exhibit in my response." The City acknowledged the existence of a police report and that "[i]t may provide a description of

3

the incident," but argued "there's certainly no evidence in the police report, or description, that shows that the City of Mission would be responsible for any such incident."

The trial court denied the City's plea, and this interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8)

## II. STANDARD OF REVIEW

Subject matter jurisdiction is essential to a court's authority to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002).

A plea to the jurisdiction is a procedural vehicle used to challenge the trial court's jurisdiction. *Blue*, 34 S.W.3d at 554. When a plea to the jurisdiction "'challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised,' even where those facts may implicate the merits of the cause of action." *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009) (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004)). In such cases, the trial court's review of the plea mirrors that of a traditional motion for summary judgment. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) (citing *Miranda*, 133 S.W.3d at 228); *see generally* TEX. R. CIV. P. 166(a) ("Summary Judgment"). The defendant carries the initial burden to establish that the trial court lacks jurisdiction, and if it does, then the plaintiff is required to raise a material fact

4

issue regarding the jurisdictional issue. *Garcia*, 372 S.W.3d at 635 (citing *Miranda*, 133 S.W.3d at 228). If the evidence creates a fact question regarding jurisdiction, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder; however, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Miranda*, 133 S.W.3d at 228.

### III.    APPLICABLE LAW

Governmental immunity from suit protects the political subdivisions of the State from lawsuits for money damages and deprives a trial court of subject matter jurisdiction over the plaintiff's claims. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)). The TTCA provides a limited waiver of governmental immunity for certain negligent conduct, including "personal injury . . . caused by a condition . . . of . . . real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(2), 101.025. Generally, a plaintiff asserting a premises defect claim must first show that the defendant possessed (i.e., owned, occupied, or controlled) the premises where the injury occurred. *Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999) (per curiam); *Tex. Dept. of Fam. & Protective Servs. v. Atwood*, 176 S.W.3d 522, 532 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). However, "a private person who has created the dangerous condition may be liable even though not in control of the premises at the time of injury." *City of*

*Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986).

Under the TTCA, a governmental unit must be given notice of a claim against it "not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). This notice requirement is a jurisdictional prerequisite to filing suit. *See* TEX. GOV'T CODE ANN. § 311.034; *Worsdale v. City of Killeen*, 578 S.W.3d 57, 66 (Tex. 2019). To be effective, written notice of a claim must describe "(1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a).

Formal notice is not required if the governmental unit has actual notice of the claim. *Id.* § 101.101(c). To have actual notice, the governmental unit must have the same notice it would have received had the plaintiff provided formal written notice under the TTCA, including subjective awareness of its fault in causing the incident as ultimately alleged by the plaintiff. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 776 (Tex. 2018) (citations omitted). Thus, "[a] governmental unit has actual notice under the TTCA if it has subjective knowledge of (1) a death, injury, or property damage; (2) the governmental unit's fault that produced or contributed to the death, injury, or property damage; and (3) the identity of the parties involved." *Id.* (citing *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam)). Actual notice is a fact question when the evidence is disputed but a question of law when the evidence is undisputed. *Id.* (citing *Simons*, 140 S.W.3d at 348).

6

By its first issue, the City argues Gonzalez failed to raise a fact question on whether the City had actual notice of her claim. We agree.

First, the letter of representation Gonzalez sent to the City does not comply with the written notice requirements of § 101.101 because it fails to reasonably describe the incident, the injury claimed, or the time and place of the incident. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101(a). Merely stating that Gonzalez suffered a "slip and fall injury" on a given date at an unspecified location and under unidentified circumstances, the letter failed to provide the level of detail necessary for the City to investigate Gonzalez's claim. *See Cathey*, 900 S.W.2d at 341 (explaining that the purpose of the TTCA's notice requirements is to allow "governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial"). Gonzalez implicitly conceded this point at the hearing by arguing in the alternative that the City had "actual notice" of her claim. Thus, the burden shifted to Gonzalez to at least raise a fact question on whether the City had actual notice. *See Garcia*, 372 S.W.3d at 635; *Tenorio*, 543 S.W.3d at 776.

Although the parties referred to a police report during the hearing, there is no police report in the record on appeal. When the trial court asked Gonzalez about the report's contents, Gonzalez claimed the report was attached as an exhibit to her response, but Gonzalez did not file a response with the trial court. Instead, the clerk's record contains a

---

[1] Gonzalez elected not to file a brief to assist us with our analysis.

"Certificate of Written Discovery" filed by Gonzalez stating that she served "Plaintiff's Response to Defendant's Plea to the Jurisdiction" on the City. We have compared the trial court's docket sheet with the contents of the clerk's record, and there are no missing items from the record. *See* TEX. R. APP. P. 34.5(a)(3) (requiring the clerk to include a copy of "the court's docket sheet" in the appellate record). Therefore, the record before us only contains counsels' competing descriptions of the police report during the hearing, neither of which constitutes evidence. *See, e.g., Johnson v. Scott*, 113 S.W.3d 366, 373 (Tex. App.—Beaumont 2003, pet. denied) ("As support for this assertion, Sanders cites her own counsel's argument at the fairness hearing. However, motions and arguments of counsel are not evidence." (citing *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.— Dallas 1993, no writ))).

The City's mere acknowledgement of a police report does not raise a fact issue because the existence of an investigation alone is insufficient to demonstrate actual notice. *See City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam). "If a governmental unit investigates an accident, whether the information acquired through its investigation meets the actual notice requirements of the TTCA depends upon the particular facts of the case." *Tenorio*, 543 S.W.3d at 776; *see, e.g., Carbajal*, 324 S.W.3d at 538 ("Simply put, the police report here is no more than a routine safety investigation, which is insufficient to provide actual notice."). Here, without the police report or any other evidence before it, there was no factual basis for the trial court to determine that the City had actual notice of Gonzalez's claim. *See Tenorio*, 543 S.W.3d at 776. Accordingly, the

8

trial court erred by denying the City's plea to the jurisdiction. We sustain the City's first issue.[2]

## V.     CONCLUSION

We reverse and render a judgment of dismissal for want of jurisdiction.


GINA M. BENAVIDES
Justice


Delivered and filed on the
22nd day of July, 2021.

---

[2] Because this issue is dispositive, we do not reach the City's other issues regarding the sufficiency of Gonzalez's pleadings and the existence of jurisdictional facts. *See* TEX. R. APP. P. 47.1.